In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-226 CR


____________________



MARK ANTHONY FULLEN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 3


Montgomery County, Texas


Trial Court Cause No. 02-176738






MEMORANDUM OPINION



 By information, appellant, Mark Anthony Fullen, was charged with the Class A
misdemeanor offense of Assault (family violence) by "intentionally, knowingly, and
recklessly caus[ing] bodily injury to another, namely, [W.F.], to wit: BY GRABBING
THE NECK OF [W.F.] AND BANGING THE HEAD OF [W.F.] AGAINST A
VEHICLE[.]" See Tex. Pen. Code Ann. § 22.01(a)(1), (b) (Vernon Supp. 2004). A jury
convicted appellant of the offense, and the trial court assessed punishment at confinement
in the Montgomery County Jail for a term of one year, and further fined appellant $500. 
The trial court suspended immediate imposition of the term of incarceration and placed
appellant on community supervision for a period of two years.

 The victim, W.F., was married to appellant. She testified that she was at
appellant's mother's residence at the time of the assault. W.F. and appellant had separated
in contemplation of divorce. W.F. testified she had called appellant three times that
evening but appellant would not speak with her. As W.F. was outside of the residence
preparing to leave, appellant arrived in his vehicle. Appellant's sister, D.P., ran into the
house to telephone the police. An altercation took place between W.F. and appellant. 
There were no other witnesses to the charged assault. 

 W.F. testified that when appellant exited his vehicle, he yelled an obscenity at her,
told her he hated her, grabbed her by the throat, and "threw" her head down onto her
truck three times. The police arrived and observed appellant to be "belligerent," yelling,
screaming, and cursing. Appellant was arrested for assault, family violence. 

 Three issues are presented for our consideration:

 1. Whether the trial court committed error "by admitting evidence that the
appellant had previously shot a man and had previously assaulted
complainant in violation of Tex. R. Evid. 404(b) and 403."


 2. Whether the trial court committed error "by admitting evidence that the
appellant had previously assaulted his sister in violation of Tex. R. Evid.
404(b) and 403."


 3. Whether "[a]ppellant was denied effective assistance of counsel due to
the failure of counsel to properly object to the admittance of evidence under
Rule 404(b) and Rule 403 of the Texas Rules of Evidence."


 In issues one and two, appellant directs our attention to certain testimony in the
record. The testimony in question under issue one was not objected to under either Rule
404(b) or Rule 403. See Tex. R. App. P. 33.1(a). Trial counsel objected to the testimony
referred to in issue two as evidence of "a collateral matter[,]" but made no specific
objection to the testimony under either Rule 404(b) or Rule 403. Because the objection at
trial does not comport with the contention and argument on appeal, the issue was not
preserved for appellate review. Tex. R. App. P. 33.1(a); Guevara v. State, 97 S.W.3d
579, 583 (Tex. Crim. App. 2003); Ibarra v. State, 11 S.W.3d 189, 197 (Tex. Crim. App.
1999). Issues one and two must be overruled. 

 Appellant's final issue complains of trial counsel's ineffective assistance in not
objecting to the various extraneous act evidence under Rules 404(b) and 403. In his brief,
appellate counsel lists a number of extraneous offense or bad act evidence admitted during
the guilt/innocence phase of the trial, some accompanied by objections from trial counsel
and some admitted without objection. Appellate counsel also notes that trial counsel failed
to request any limiting instruction be included in the trial court's charge to the jury. See
Tex. R. Evid. 105(a). The State replies that under certain circumstances a trial attorney
may intentionally choose not to object to testimony as a matter of trial strategy.

 Appellate counsel correctly recognizes that to show trial counsel was ineffective,
appellant must demonstrate 1) trial counsel's performance was deficient because it fell
below an objective standard of reasonableness, and 2) a probability sufficient to undermine
confidence in the outcome of the trial exists that but for trial counsel's errors the result of
the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 104
S.Ct. 2052, 80 L.Ed.2d 674 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999). Strickland states that judicial scrutiny of trial counsel's performance must be
highly deferential and that a reviewing court "must indulge a strong presumption that
counsel's conduct falls within the wide range of reasonable professional assistance[.]"
Strickland, 466 U.S. at 689. Failure of appellant to make either of the required showings
of deficient performance and sufficient prejudice defeats a claim of ineffective assistance. 
Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). 

 Appellate counsel argues that there is "no plausible argument for allowing such
evidence" to be admitted without objection. In making this contention, appellate counsel
appears to assume that each of his listed instances of a lack of objection to the evidence
was an instance of objectively unreasonable and unprofessional conduct by trial counsel. 
Because appellate counsel does not discern any particular trial strategy or tactical purpose
in trial counsel's representation, appellate counsel assumes there is none. But, as noted
by the Court in Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002), "[t]his
[argument by appellate counsel] inverts the analysis. Under Strickland, the defendant must
prove, by a preponderance of the evidence, that there is, in fact, no plausible professional
reason for a specific act or omission." Appellate courts are rarely in a position to decide
the issue of unreasonable performance because the appellate record is often silent
concerning the strategy trial counsel may have considered. See Aldrich v. State, 104
S.W.3d 890, 896 (Tex. Crim. App. 2003). "A substantial risk of failure accompanies an
appellant's claim of ineffective assistance of counsel on direct appeal." Thompson, 9
S.W.3d at 813. The proper procedure for raising an effective assistance of counsel claim
is almost always habeas corpus. Aldrich, 104 S.W.3d at 896. 

 The State's brief suggests that where there is only one witness to the offense, a
possible trial strategy is to attempt to discredit or impeach the witness's ability to tell the
truth on issues not directly related to the charge. In essence, the State suggests that
counsel may have permitted the evidence to be admitted so he could prove it false and
impeach the victim's testimony on these other acts; the strategy would be to suggest she
was also exaggerating the facts surrounding the charged assault. 

 We are not to speculate on a silent record as to the possible strategy behind trial
counsel's decisions made during trial. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994); Labonte v. State, 99 S.W.3d 801, 803-04 (Tex. App.--Beaumont, pet.
ref'd), cert. denied, 72 U.S.L.W. 3245, 124 S.Ct. 335, 157 L.Ed.2d 229 (2003). The
failure to request limiting instructions has been recognized as reasonable trial strategy
under certain circumstances. See Garcia v. State, 887 S.W.2d 862, 881 (Tex. Crim. App.
1994), disavowed on other grounds, Hammock v. State, 46 S.W.3d 889, 893 (Tex. Crim.
App. 2001); see also Perez v. State, 56 S.W.3d 727, 731-32 (Tex. App.--Houston [14th
Dist.] 2001, pet. ref'd); Gone v. State, 54 S.W.3d 27, 33-34 (Tex. App.--Texarkana 2001,
pet. ref'd); Beheler v. State, 3 S.W.3d 182, 185-86 (Tex. App.--Fort Worth 1999, pet.
ref'd); Abbott v. State, 726 S.W.2d 644, 649 (Tex. App.--Amarillo 1987, pet. ref'd). 
However, even if trial counsel's performance was deficient, appellant fails in his burden
to show that because of trial counsel's errors the result of the trial would have been
different. See Thompson, 9 S.W.3d at 812. Failure to prove either of the required
Strickland prongs defeats a claim of ineffective assistance. Rylander, 101 S.W.3d at 110. 

 The only witness to the assault was W.F. as appellant did not testify in his defense. 
W.F. was unshakable in her testimony that appellant grabbed her by the throat, and hit her
head against the truck three times. Appellant admitted to one of the responding police
officers that he had indeed grabbed W.F. "around the neck," so this was not a situation
in which the jury had to choose between two plausible yet different versions of events, one
which solidly incriminated the accused and one which solidly exonerated him. And
appellant's violent and excitable nature was described to the jury by the testimony of both
police officers who arrived on the scene only moments after the assault occurred. 

 Appellant has not met his burden to satisfy the second prong of Strickland. He has
not shown a reasonable probability that, but for trial counsel's failure to properly object
to the extraneous act evidence, the result of the proceeding would have been different. 
Thompson, 9 S.W.3d at 812. Appellant's third issue is overruled. The judgment and
sentence of the trial court are affirmed. 

 AFFIRMED. 

 _________________________________

 DAVID B. GAULTNEY

 Justice



Submitted on April 19, 2004

Opinion Delivered July 14, 2004

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.


CONCURRING OPINION


 I concur in the result. I write only to slightly differ with the majority. The majority
states: "However, even if trial counsel's performance was deficient. . . ." I would hold
the failure to object to extremely damaging and prejudicial extraneous offenses in this
instance was, in fact, if not per se, ineffective assistance of counsel. I can not fathom any
plausible trial strategy for allowing the jury to hear about unadjudicated assaultive offenses
against third parties.

 I do agree appellant has failed to show how the deficient trial counsel's errors would
have produced a different result. (1) Therefore I agree with the majority's affirmance.


 
_________________________________

 DON BURGESS

 Justice


Concurrence Delivered

July 14, 2004

Do not publish
1. Appellate counsel does not even direct any argument to
this second prong of Strickland.